## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOBEE, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. _____ |
| | ) |
| v. | ) |
| | ) |
| ECOFACTOR, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ecobee, Inc. ("ecobee"), by its attorneys, files this Complaint against Defendant EcoFactor, Inc. ("EcoFactor") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 8,019,567 (the "'567 patent"), 10,612,983 (the "'983 patent"), 8,596,550 (the "'550 patent"), and 8,886,488 (the "'488 patent") (collectively, the "Patents-In-Suit", attached as Exhibits 1-4, respectively) against EcoFactor, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 1 et seq., and for other relief the Court deems just and proper.

## THE PARTIES

2. Plaintiff ecobee, Inc. is a Canadian corporation with its principal place of business at 25 Dockside Drive, Suite 700, Toronto, ON M5A 0B5, Canada.

3. Upon information and belief, Defendant EcoFactor, Inc. is a privately held company organized and existing under the laws of the state of Delaware, having its principal place of business at 441 California Avenue, Number 2, Palo Alto, California 94306

## JURISDICTION AND VENUE

4. ecobee files this complaint against EcoFactor pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

5. This Court has subject matter jurisdiction over this action, which arises under the United States' patent laws, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6. This Court has personal jurisdiction over EcoFactor, which, on information and belief, is incorporated within this district.

7. A substantial controversy of sufficient immediacy and reality exists between the parties to warrant the issuance of a declaratory judgment. EcoFactor has filed a complaint with the International Trade Commission ("ITC"), Docket No. 3535, claiming that ecobee (among other defendants) has infringed the Patents-In-Suit because ecobee designed, developed, manufactured, tested, used, offered for sale, sold, and/or imported "smart thermostats, smart HVAC systems, smart HVAC control systems, and components thereof." A true and correct copy of EcoFactor's public ITC complaint is attached as Exhibit 5. The products accused in the ITC Investigation are the ecobee3 lite and the ecobee SmartThermostat with Voice Control ("Accused Products"). ecobee denies infringement of the claims of the Patents-In-Suit. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between ecobee and EcoFactor as to whether ecobee is infringing or has infringed the Patents-In-Suit.

8. Venue is proper in this judicial district based on 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

### PATENTS-IN-SUIT

9. U.S. Patent No. 8,019,567 (the "'567 patent"), entitled "System and Method for Evaluating Changes in the Efficiency of an HVAC System" and attached hereto as Exhibit 1, states on its cover that it was issued on September 13, 2011 to named inventors John Steinberg and Scott Hublou. On information and belief, the '567 patent is currently assigned to EcoFactor.

10. U.S. Patent No. 10,612,983 (the "'983 patent"), entitled "System and Method for Evaluating Changes in the Efficiency of an HVAC System" and attached hereto as Exhibit 2, states on its face that it was issued on April 7, 2020 to named inventors John Steinberg and Scott Hublou. On information and belief, the '983 patent is currently assigned to EcoFactor.

11. U.S. Patent No. 8,596,550 (the "'550 patent"), entitled "System, Method and Apparatus for Identifying Manual Inputs to and Adaptive Programming of a Thermostat" and attached hereto as Exhibit 3, states on its cover that it was issued on December 3, 2013 to named inventors John Steinberg, Scott Hublou and Leo Cheung. On information and belief, the '550 patent is currently assigned to EcoFactor.

12. U.S. Patent No. 8,886,488 (the "'488 patent"), entitled "System and Method for Calculating the Thermal Mass of a Building" and attached hereto as Exhibit 4, states on its face that it was issued on November 11, 2014 to named inventors John Steinberg and Scott Hublou. On information and belief, the '488 patent is currently assigned to EcoFactor.

### DISPUTE BETWEEN ECOBEE AND ECOFACTOR CONCERNING THE PATENTS-IN-SUIT

13. On February 25, 2021, EcoFactor filed the ITC Complaint alleging that ecobee, among others, purportedly infringes certain claims of the Patents-In-Suit. Exhibit 5 (ITC Complaint) ¶¶ 76, 90-96. In the ITC Complaint, EcoFactor identifies as ecobee Accused Products the ecobee3

lite and the ecobee SmartThermostat with Voice Control.  Exhibit 5 (ITC Complaint) ¶ 90. EcoFactor's ITC Complaint further alleges that ecobee infringes "either literally or pursuant to the doctrine of equivalents, and either directly or indirectly under a theory of inducement or contributory infringement." *Id*.

14. Accordingly, an actual and justiciable controversy exists between ecobee and EcoFactor concerning whether ecobee infringes one or more claims of any of the Patents-In-Suit. ecobee now seeks a declaratory judgment that ecobee does not infringe the claims of the Patents-In-Suit.

**COUNT I:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '567 PATENT**

15. ecobee hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. EcoFactor claims to own all right, title, and interest in the '567 patent by assignment.

17. In its ITC complaint, EcoFactor alleges that ecobee directly and indirectly infringes the '567 patent. See, e.g., Ex. 5 ¶ 93.

18. ecobee and its Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '567 patent: "evaluating changes in the operational efficiency of an HVAC system over time," "at least one HVAC control system," "receiv[ing] temperature measurements from at least a first structure," "receiv[ing] status of [an] HVAC system," "receiv[ing] measurements of outside temperatures," "compar[ing] said temperature measurements from said first structure," "compar[ing[ the inside temperature of said first structure and the outside temperature over time to derive an estimation for the rate of change in inside temperature of said first structure," "compar[ing] an inside temperature recorded inside the first structure with said estimation for the rate of change in inside temperature of said first structure to determine whether the operational efficiency of the

HVAC system has decreased over time," "analyz[ing[ the changes in the operational efficiency over time to suggest a cause of degradation," "compar[ing] [] temperature measurements from [a] first HVAC system and [a] second HVAC system and said outside temperature measurements over time to determine the relative efficiency of the first HVAC system and the second HVAC system," "comparing with one or more processors said temperature measurements from said first structure with outside temperature measurements over time to derive expected temperature measurements of a rate of change in inside temperature," and "compar[ing] an inside temperature recorded inside the first structure with said expected temperature measurements to determine whether the operational efficiency of the HVAC system has decreased."

19. ecobee is entitled to a judgment declaring that ecobee does not directly or indirectly infringe any asserted claims of the '567 patent, either literally or under the doctrine of equivalents.

## COUNT II:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '983 PATENT

20. ecobee hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

21. EcoFactor claims to own all right, title, and interest in the '983 patent by assignment.

22. In its ITC complaint, EcoFactor alleges that ecobee directly and indirectly infringes the '983 patent. See, e.g., Ex. 5 ¶ 94.

23. ecobee and its Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '983 patent: "predict[ing], based at least in on the first data from the sensor, the second data from the network connection, and the first temperature setpoint, the time necessary for the HVAC system to operate in order to reach the temperature value by the time value," "analyzing the stored

5

historical values of the first data and second data," and "calculat[ing] a performance characteristic of the HVAC system based at least on the historical values of the first data and second data."

24. ecobee is entitled to a judgment declaring that ecobee does not directly or indirectly infringe any asserted claims of the '983 patent, either literally or under the doctrine of equivalents.

## COUNT III:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '550 PATENT

25. ecobee hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

26. EcoFactor claims to own all right, title, and interest in the '550 patent by assignment.

27. In its ITC complaint, EcoFactor alleges that ecobee directly and indirectly infringes the '550 patent. *See, e.g.*, Ex. 5 ¶ 95.

28. ecobee and its Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '550 patent: "detecting manual changes to the setpoint for a thermostatic controller," "using the stored data to predict a rate of change of temperatures inside the structure in response to at least changes in outside temperatures," "calculating [] scheduled programming of setpoints in the thermostatic controller based on the predicted rate of change," "generating with one or more computer processors, a difference value based on comparing an actual setpoint at the first time for said thermostatic controller to the first automated setpoint for said thermostatic controller," "detecting a manual change to the first automated setpoint by determining whether said actual setpoint and said first automated setpoint are the same or different based on said difference value," "[a] method for incorporating manual changes to the setpoint for a thermostatic controller into long-

term programming of said thermostatic controller," "compar[ing] the actual setpoint at the first time for said thermostatic controller to the first automated setpoint for said thermostatic controller," and "detecting a manual change to the first automated setpoint by determining whether said actual setpoint and said automated setpoint are the same or different."

29. ecobee is entitled to a judgment declaring that ecobee does not directly or indirectly infringe any asserted claims of the '550 patent, either literally or under the doctrine of equivalents.

**COUNT IV:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '488 PATENT**

30. ecobee hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

31. EcoFactor claims to own all right, title, and interest in the '488 patent by assignment.

32. In its ITC complaint, EcoFactor alleges that ecobee directly and indirectly infringes the '488 patent. *See, e.g.*, Ex. 5 ¶ 96.

33. ecobee and its Accused Products do not include, practice, induce others to practice, or contribute to others practicing at least the following limitations of the claims of the '488 patent: "calculating a value for the operational efficiency of [an HVAC] system," "at least one HVAC control system," "computer hardware that is configured to receive outside temperature measurements," "calculat[ing] [] one or more predicted rates of change in said inside temperature measurements at said first location based on the status of the HVAC system," "relat[ing] said one or more predicted rates of change to said outside temperature measurements," and "compar[ing] [] at least one predicted temperature based on the one or more predicted rates of change with an actual inside temperature measurement."

34. ecobee is entitled to a judgment declaring that ecobee does not directly or indirectly infringe any asserted claims of the '488 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

ecobee respectfully requests this Court grant relief as follows:

A. Declaring that ecobee does not directly or indirectly infringe any claim of the '567 patent, either literally or under the doctrine of equivalents;

B. Declaring that ecobee does not directly or indirectly infringe any claim of the '983 patent, either literally or under the doctrine of equivalents;

C. Declaring that ecobee does not directly or indirectly infringe any claim of the '550 patent, either literally or under the doctrine of equivalents;

D. Declaring that ecobee does not directly or indirectly infringe any claim of the '488 patent, either literally or under the doctrine of equivalents;

E. Declaring that judgment be entered in favor of ecobee and against EcoFactor on ecobee's claims;

F. Order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling ecobee to an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon;

G. Order awarding ecobee its costs of suit incurred in this action; and

H. Granting to ecobee such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Timothy Carroll<br>Steven Lubezny<br>Catherine N. Taylor<br>DENTONS US LLP<br>233 South Wacker Drive, Suite 5900<br>Chicago, IL 60606<br>Tel: (312) 876 8000<br><br>Manny J. Caixeiro<br>DENTONS US LLP<br>601 South Figueroa Street, Suite 2500<br>Los Angeles, CA 90017<br>Tel: (213) 623-9300<br><br>Dated: March 2, 2021<br>7073479 / 51061 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Joseph D. Farris (#6657)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    jfarris@potteranderson.com<br><br>*Attorneys for Plaintiff ecobee, Inc.* |