

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

December 4, 2022

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    *ecobee, Inc. v. EcoFactor, Inc.*, C.A. No. 21-323-MN

Dear Judge Noreika:

      In response to the Court's December 2, 2022 Oral Order, regarding the meet and confer on November 29, 2022, it was certainly not the intent of the parties to disrespect the Court or its November 8, 2022 Oral Order, and the parties wish to apologize for any offense caused. The parties would like to respectfully ask the Court to reconsider its December 2, 2022 Oral Order— and particularly the requirement for an *in person* meet and confer—in view of the context of this case.

      The parties have been litigating about the exact patents at issue in this case, and related patents with the same terms, for over three years. In fact, the four patents at issue in this case were the subject of an ITC investigation involving the same parties, represented by the same counsel, that went to trial in December 2021 (Investigation No. 337-TA-1258). Patents with the same or similar terms are being litigated by these exact parties, represented by the same counsel, in multiple other litigations, including three pending cases in the Western District of Texas and a second ITC litigation (Investigation No. 337-TA-1185). In all those matters there has been extensive claim construction briefing, hearings, meet and confers and – in the case of the ITC matters – rulings by the ALJ and Commission, including on matters of claim construction.

      Indeed, this claim construction setting is the fifth one engaged in by the parties over the past 38 months. In addition, several of the patents have been subjected to IPRs, and those proceedings too involved claim construction exchanges. Through this extensive history, the parties have met and conferred extensively over the past three years. That has resulted in their ability to reach agreement on seven different claim constructions, which apply to many different claims across the four patents. Moreover, the parties positions' on infringement and invalidity are rather well established.

The Honorable Maryellen Noreika
December 4, 2022
Page 2

The recent meet and confer thus occurred in the context of the parties being exceedingly familiar with one another's claim construction positions, the reasons therefor, their impact on the case, and how they relate to other patents in other cases.  So, the length and breadth of topics of the November 29, 2022 meet and confer is not indicative of a lack of effort or respect for this Court or its November 8, 2022 Oral Order.  To the contrary, the parties were quickly able to crystalize the exact parameters of their disagreement at the November 29, 2022 meet and confer, which are well informed by positions in this case, the other ITC cases, the other WD Tex. Litigations and the PTAB proceedings

Moreover, of the six terms that will be argued at the upcoming *Markman* hearing, four are the subject of indefiniteness challenges—which are dispositive of certain invalidity issues and, therefore, are particularly difficult to cooperatively resolve.  For another term, the relevant issue is binary in nature:  i.e., whether a preamble is binding or not.  Indeed, there is only one set of terms – the "operational efficiency" terms – where the parties are offering competing claim constructions.  But that is a term that has been discussed extensively by the parties over the years in the prior and pending cases.  Indeed, as a sign of the parties' respect for the Court's Order and rules, in all other circumstances where the parties offered competing claim constructions, they were able to resolve their disputes during prior meet and confers.

As such, the parties respectfully request that the Court reconsider its December 2, 2022 Oral Order, and allow the parties to continue to meet and confer virtually.  Should Your Honor have any further questions, counsel are available at the Court's convenience.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10462298/21090.00001

cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)